The STATE of Ohio, Appellant,

v.

LENTZ, Appellee.

[Cite as *State v. Lentz* (1991), 73 Ohio App.3d 449.]

Court of Appeals of Ohio,
Seneca County.

No. 13-90-29.

Decided May 1, 1991.

*James Gucker*, City Prosecutor, for appellant.

*Matthew Zavac*, for appellee.

*Per Curiam.*

This is an appeal by the state of Ohio from a judgment rendered in the Tiffin Municipal Court, granting defendant Gary L. Lentz's pretrial motion to suppress breathalyzer results and statements made in violation of his Fifth Amendment rights, following his arrest for driving under the influence, a violation of R.C. 4511.19(A)(1). The trial court found that the breathalyzer test was not performed in substantial compliance with the applicable regulations. In addition, the trial court found that defendant was interrogated by the arresting officer, and made incriminating statements, prior to being advised of his *Miranda* rights. The state assigns two errors to the judgment of the trial court.

■ In the first assignment, the state argues that the trial court erred in suppressing the breathalyzer results. Specifically, it is the state's contention that the failure to comply with the regulations regarding the administration of the breathalyzer test poses the issue of a statutory violation and thus the matter is not properly determined by a pretrial motion to suppress. The state argues that any evidentiary ruling pertaining to the admissibility of the test results could only be made during the trial. We agree.

We recently considered the question of the prejudice resulting to the state by virtue of the trial court's pretrial suppression of intoxilyzer test results because of alleged failure of law enforcement authorities to comply with the applicable statutes and regulations. In *State v. Haines* (Aug. 6, 1990), Van Wert App. No. 15–89–3, unreported, 1990 WL 360126, we reversed the judgment of the trial court suppressing the evidence finding that:

"[T]he requirement that the BAC alcohol test be administered within two hours of the prosecuted conduct is statutory in nature and does not involve a question of constitutional rights * * *. A motion to suppress does not properly call into question the time within which the test was administered nor the administration of the test. To grant a motion to suppress for the prosecutor's failure to establish evidentiary matters not at issue pursuant to the motion takes unfair advantage of the prosecutor and causes the trial court to exceed the scope of its authority." *Id.* at 5.

Thus, we conclude that, in the case now before us, the trial court erred in sustaining the portion of defendant's motion to suppress pertaining to the administration of the breathalyzer. Accordingly, the first assignment of error is sustained.

■ In the second assignment, the state contends that the trial court erred in suppressing statements made by defendant subsequent to his arrest. The state argues that, regardless of the fact that defendant was not Mirandized, the statements are admissible because they were made voluntarily and not as the result of police interrogation.

The record reflects that, while in transit to the police station, the arresting officer initiated a continuing conversation with defendant that resulted in the defendant disclosing that he had been to Toledo, that he had spent the day at Brenda's Body Shop and had started drinking at approximately 3:00 p.m. Once they arrived at the police station, the defendant asked the arresting officer what time it was. When the officer told the defendant that it was approximately 3:00 a.m., the defendant responded, "I better be drunk, I've been drinking for twelve hours."

The trial court found that defendant's statements were the result of police "interrogation" as defined in *Rhode Island v. Innis* (1980), 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297. The trial court further found that the statements were made prior to defendant's receiving his *Miranda* warnings.

In *State v. Williams* (1983), 6 Ohio St.3d 281, 290, 6 OBR 345, 352, 452 N.E.2d 1323, 1333, the Supreme Court of Ohio adopted the holding from *Innis, supra,* 446 U.S. at 301, 100 S.Ct. at 1689, 64 L.Ed.2d at 308, that "interrogation in the context of *Miranda* rights, 'refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the subject.' "

The record in this case reveals several details that are somewhat disturbing. First, we are concerned by the testimony of the arresting officer that, subsequent to making an arrest, he generally exercises his independent judgment in choosing to give the warnings required, not only by *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, but also by *State v. Buchholz* (1984), 11 Ohio St.3d 24, 11 OBR 56, 462 N.E.2d 1222. For example, in response to a question as to whether he Mirandized the defendant in the instant case, the officer specifically testified, "I'm not sure if I read those to him or not. * * * Sometimes I do, sometimes I don't. Usually if it is apparent they know the system I don't feel it is necessary."

The officer further explained his subjective criteria for administering the *Miranda* warnings as follows:.

" * * * Usually if there is somebody and they have a clean driving record and they seem to not have much dealing with the law, the way things happen in a court, if they seem uneducated where they don't—if they haven't watched TV or anything, I read them Miranda rights, but if they appear halfway educated, and you know, they have had dealings with the law before, sometimes I don't feel it is necessary. * * * A lot of times I don't read them."

In addition, the officer testified that once an arrest is made and the suspect is in custody in the police cruiser, the officer usually engages the arrestee in

casual conversation in transit to the police station. The officer further testified that he initiates these conversations with the full knowledge that the suspect may very well "blurt out" incriminating statements. Thus, without administering the prescribed warnings, it is apparent that this officer routinely creates an atmosphere of camaraderie that would lead a reasonable person to believe that any statements made during casual conversation with the officer are meaningless and will not be used against him in the courtroom.

In the case before us, the incriminating statements made by defendant were the result of the rapport that the officer, without benefit of the *Miranda* warnings, intentionally established with the defendant. In accordance with the dictates of *Innis* and *State v. Williams, supra,* we find that the statements were the result of police interrogation. The second assignment of error is overruled.

For the foregoing reasons, that portion of the judgment of the trial court suppressing the statements made by defendant in violation of his Fifth Amendment rights is affirmed. However, that portion of the judgment suppressing the breathalyzer results is reversed and remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

THOMAS F. BRYANT, P.J., HADLEY and SHAW, JJ., concur.