The STATE of Ohio, Appellee,

v.

CLEMENTS, Appellant.

[Cite as *State v. Clements* (1994), 98 Ohio App.3d 797.]

Court of Appeals of Ohio,
Montgomery County.

No. 14190.

Decided Nov. 23, 1994.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Carley J. Ingram*, Assistant Prosecuting Attorney, for appellee.

*Richard S. Skelton*, for appellant.

KERNS, Judge.

On April 13, 1993, the defendant, Leon D. Clements, was indicted for burglary in violation of R.C. 2911.12, and on June 29, 1993, he was indicted for aggravated robbery in violation of R.C. 2911.01(A)(1), by an indictment that included a firearm specification.

On August 2, 1993, Clements filed a motion objecting to the joinder of the burglary and aggravated robbery charges, but the motion was overruled by the common pleas court on August 6, 1993. Thereafter, at the commencement of the trial upon both offenses, the defendant renewed his motion for separation, but the motion was again overruled by the trial court.

Subsequently, the defendant was tried by jury and convicted of both burglary and aggravated robbery, and from the judgment and sentence thereupon entered in the trial court, Clements has perfected an appeal to this court.

In the appeal, the appellant has set forth two assignments of error, the second of which states that "the trial court improperly joined two unrelated charges for trial."

In this regard, and with particular reference to the indictment for aggravated robbery, the state presented evidence that Clements robbed one Mark Wood at

gunpoint on June 4, 1993, at an apartment occupied by one Michelle Prater, and that he discharged his firearm several times as he departed from the scene of the crime.

As to the indictment for burglary, the evidence discloses that Clements called his ex-girlfriend, Xenia Dawkins, on March 14, 1993 to tell her that he was coming over to her apartment to remove his furniture. According to the testimony of Dawkins, Clements arrived about fifteen minutes later and kicked the door down. Once inside the apartment, Clements struck Dawkins as she was attempting to call the police, but he left the scene when Dawkins threw a clothes iron at him.

In some cases, a trial court is authorized to order two indictments to be tried together, but such an order must be limited to offenses which could have been joined in a single indictment. Crim.R. 13. And the test of whether two offenses may be charged in the same indictment is whether the two offenses are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct. Crim.R. 8.

Among other things, the offenses charged against Clements involved different crimes at different times at different locations on different dates. Moreover, the offenses involved different victims, different witnesses, different investigating officers and completely different evidence. In fact, the visiting trial judge, in what may have been a *lapsus linguae,* candidly commented at the time of sentencing that the burglary charge was "more akin to domestic violence" and that the defendant "may have been slightly overcharged" for that offense. Assuming, therefore, that the trial court erred in refusing to order separate trials, as requested by the defendant, the question remains whether the defendant's rights were prejudiced thereby. See *State v. Torres* (1981), 66 Ohio St.2d 340, 20 O.O.3d 313, 421 N.E.2d 1288. See, also, Crim.R. 14.

In this regard, it is apparent that the offenses charged against Clements were not of the same or similar character, and different evidence was required to prove each of the crimes. Moreover, the evidence submitted to prove the burglary undoubtedly created an image of one who was irresponsibly disposed to kick down a door and violently disposed to beat up his girlfriend, and such evidence would be difficult to isolate and shake while deciding the more serious charge of aggravated robbery. Hence, this court cannot say that Clements had a fair trial, and accordingly the second assignment of error must be sustained.

Reverting now to the first assignment of error, Clements has set forth his grievance as follows:

"1. The defendant was denied his Sixth Amendment right to compulsory process when the trial court refused to secure the attendance of an essential defense witness."

█ A defense witness, Willie Farrell, was served with a subpoena, but did not appear for the trial. As a result of the absence of Farrell, Clements requested that the court order the sheriff to find him or to grant a continuance until the witness could be found. At that point, the trial court agreed to order a deputy to attempt to find Farrell and to bring him before the court, but the court refused to grant the continuance. Nor did the defense proffer the testimony that it expected Farrell would give. The defendant argues, therefore, in support of the alleged error, that he was denied his Sixth Amendment right to compulsory process.

As a matter of fact, the trial court enforced the subpoena by ordering a deputy to find and bring in the witness, and the court thus did all that it could have done, under the circumstances, to protect the defendant's right to compulsory process. Hence, this assignment of error turns upon whether the trial court abused its discretion in refusing the request for a continuance.

As heretofore indicated, the defendant failed to reveal what the nature of Farrell's testimony would have been or to show whether it would have been relevant and material to the defense. And this court can do no more than speculate, therefore, as to whether Clements was prejudiced by the court's denial of the continuance. See *State v. Brooks* (1989), 44 Ohio St.3d 185, 542 N.E.2d 636. Moreover, the defendant did not give the trial court any assurance that Farrell could be located within a reasonable time. In fact, nothing protrudes from the record in this case to suggest that the attitude of the court, under all of the existing circumstances, was arbitrary, unreasonable or unconscionable. See *State v. Unger* (1981), 67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078; *State v. Holmes* (1987), 36 Ohio App.3d 44, 521 N.E.2d 479. See, also, *State v. Wolfe* (1992), 81 Ohio App.3d 624, 611 N.E.2d 976. Indeed, if the trial court was not apprised of the substance and purpose of the absent witness's testimony, it cannot be faulted for failing to grant the continuance. Furthermore, and in view of our conclusion as to the second assignment of error, the first assignment is probably moot.

In conclusion, therefore, the judgment is reversed and the cause is remanded to the common pleas court for further proceedings.

*Judgment reversed*
*and cause remanded.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.