OPINION
{¶ 1} Defendant-appellant Shaun D. Mills appeals the November 1, 2001, Judgment Entry of the Ashland Municipal Court which convicted and sentenced appellant on one count of driving while intoxicated, in violation of R.C. 4511.19(A)(3).
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 8, 2001, an Ohio Highway Patrol Trooper stopped the vehicle appellant was driving for a traffic violation. The Trooper noticed indications that appellant was under the influence of alcohol. Appellant was ultimately arrested and transported to the Loudonville Police Department for a breath-alcohol test [hereinafter breath test]. The test results indicated a blood alcohol content of .116. Appellant was charged with driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and 4511.19(A)(3).[1]
 {¶ 3} On September 18, 2001, the trial court filed a Judgment Entry which stated that a hearing had been held on appellant's motion to suppress. In the Judgment Entry, the trial court overruled appellant's motion to suppress, finding that there was sufficient evidence that the Trooper complied with the Ohio Department of Health Regulations regarding the administration of the breath test on the night in question.
 {¶ 4} The matter proceeded to a jury trial held on November 1, 2001. That same day, the jury returned a verdict of guilty of driving a motor vehicle while under the influence of alcohol, in violation of both R.C. 4511.19(A)(1) and (3). Following the verdict, the State moved to nolle prosequi the charge brought pursuant to R.C. 4511.19(A)(1). The State's motion was granted by the trial court. By Judgment Entry filed, November 1, 2001, the trial court proceeded to convict and sentence appellant on one count of driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(3).
 {¶ 5} It is from his conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ADMITTING INTO EVIDENCE THE RESULTS OF THE BREATH TEST WHEN THE EVIDENCE CLEARLY ESTABLISHED THAT THE DEFENDANT-APPELLANT HAD TOBACCO IN HIS MOUTH AT THE TIME OF THE TEST.
 {¶ 7} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT CONTINUING THE TRIAL TO SECURE THE ATTENDANCE OF WITNESSES SUBPOENAED BY THE DEFENSE."
 I {¶ 8} In the first assignment of error, appellant contends that the trial court erred when it admitted the results of his breath test at trial. Appellant contends that the breath test was not administered to him in compliance with the Ohio Department of Health Regulations, specifically, OAC 3701-53-02.
 {¶ 9} Revised Code 4511.19(D) states that any bodily substance collected for the purpose of determining a person's blood alcohol content "shall be analyzed in accordance with the methods approved by the director of health. . . ." Regulations promulgated by the Director of Health in OAC 3701-53-02(B) through the operational checklists found in the section's appendices, require that the tester observe the subject being tested for 20 minutes prior to testing to prevent oral intake of any material. On appeal, appellant claims that testimony at the trial established that appellant was swallowing tobacco juice throughout the 20 minute observation period and test.
 {¶ 10} Appellant does not appeal the trial court's decision to overrule a motion to suppress allegedly made by appellant. Instead, appellant argues that because the issue concerns a statutory violation, the matter is not properly determined by a motion to suppress. Appellant argues that a pretrial motion is unnecessary, citing State v. Lentz
(1991), 73 Ohio App.3d 449, 597 N.E.2d 1117 and State v. Griggy (1982),1 Ohio Misc.3d 16, 440 N.E.2d 74.
 {¶ 11} We find appellant's argument without merit. Appellant's argument overlooks the Ohio Supreme Court decision in State v. French. In French, the Ohio Supreme Court held that a motion to suppress is the proper vehicle by which a party may challenge the admissibility of breath tests based upon compliance with the Department of Health Regulations.State v. French (1995), 72 Ohio St.3d 446, 449, 650 N.E.2d 887. Further, the Court stated that once a trial court rules on the motion to suppress, finality attaches to a trial court's decision so that the ruling of the trial court prevails at trial. Id. at 449. Therefore, theFrench Court concluded that once the matter proceeds to trial, an accused is limited to challenges of the breath test made pursuant to the Ohio Rules of Evidence. Id. at 452.
 {¶ 12} In the case sub judice, appellant challenges the trial court's decision to admit the evidence at trial, without raising any issue concerning the trial court's denial of a motion to suppress. Appellant presents no arguments and fails to present a record regarding the trial court's denial of the "motion to suppress". The record does not contain appellant's motion to suppress nor a transcript of the hearing on the motion to suppress. The record only contains a Judgment Entry, filed September 18, 2001, that indicates that a hearing on a motion to suppress was held on August 31, 2001,. Since appellant presents no appeal of a motion to suppress, appellant's first assignment of error is overruled.
 II {¶ 13} In the second assignment of error, appellant argues that the trial court erred when it failed to continue the trial so that appellant could secure the attendance of witnesses subpoenaed by appellant. We disagree.
 {¶ 14} The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078. As the United States Supreme Court stated in Unger v.Sarafite (1964), 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921: "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."
 {¶ 15} In this case, just prior to the calling of the first witness, appellant's counsel made an oral motion for a continuance. Counsel claimed that the continuance was necessary because four "essential" witnesses had been subpoenaed but two witnesses had failed to appear and two witnesses were on their way.[2] While counsel characterized the witnesses as essential, counsel failed to state what the nature of the witnesses testimony would be or give any indication as to the amount of time required to secure the witnesses attendance, or even if there attendance was possible.
 {¶ 16} In State v. Clements, the Second District Court of Appeals held that a trial court's refusal to grant a continuance to a defendant after a subpoenaed defense witness failed to appear for trial did not prejudice defendant where defendant failed to reveal what the nature of the witness' testimony would have been, show whether it would have been relevant and material to the defendant's defense, or give the trial court any assurance that the witness could be located within a reasonable period of time. State v. Clements (1994), 98 Ohio App.3d 797, 800,49 N.E.2d 912. In the case sub judice, as in Clements, appellant's counsel failed to provide the trial court with any indication of the nature or relevancy of the witnesses' testimony or the amount of time that may be necessary to locate the witnesses.
 {¶ 17} Therefore, based upon the record before this court, we find that appellant has failed to show prejudice and we cannot say that the trial court abused its discretion when it denied appellant's motion for a continuance.
 {¶ 18} Appellant's second assignment of error is overruled.
 {¶ 19} The judgment of the Ashland Municipal Court is affirmed.
By Edwards, J., Hoffman, P.J. and Wise, J. concur.
Topic: DUI — Prejudicial error.
[1] Appellant was also charged with one count of driving while under an FRA suspension, in violation of R.C. 4507.02(B)(1), and one count of failure to yield to a red, flashing light, in violation of R.C. 4511.15. However, appellant's appeal concerns only his conviction for driving while under the influence of alcohol.
[2] One witness had apparently appeared but left to go get another witness that needed a ride to the court.