This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, David Komadina, appeals the decision of the Lorain Municipal Court. We affirm in part, reverse in part, and remand.
 I.
{¶ 2} On August 16, 2000, complaints were filed against Mr. Komadina alleging aggravated menacing, in violation of R.C. 2903.21, a first degree misdemeanor; and telephone harassment, in violation of R.C.2917.21, a first degree misdemeanor. Mr. Komadina pled not guilty to the charges. During the jury trial, there was an issue raised as to a charge of domestic violence, in violation of R.C. 2919.25; however, there is no complaint for domestic violence in the record. A jury found Mr. Komadina guilty of aggravated menacing and not guilty of telephone harassment and domestic violence. On May 22, 2001, the trial court sentenced Mr. Komadina to a fine of $500.00 and thirty days in jail. Mr. Komadina failed to appear for the thirty day jail term. On August 29, 2001, the trial court issued a capias for Mr. Komadina for his failure to appear for his jail term. In addition, Mr. Komadina was notified that his driver's license was suspended because he had not complied with the trial court's orders.
{¶ 3} Mr. Komadina filed a motion for a new trial on May 14, 2002. The trial court denied this motion on May 21, 2002. It is from this order that Mr. Komadina now appeals. We will address the fourth assignment of error first for ease of discussion.
 II. Fourth Assignment of Error {¶ 4} "THAT THE FINDING OF GUILT OF THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE."
{¶ 5} In his fourth assignment of error, Mr. Komadina asserts that his conviction was against the manifest weight of the evidence. We disagree.
{¶ 6} When a defendant asserts that his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
{¶ 7} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
{¶ 8} In order to find Mr. Komadina guilty of aggravated menacing, the prosecution needed to prove the elements set forth in R.C.2903.21(A) as follows: "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person[.]" A person acts knowingly when "he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).
{¶ 9} In the present case, Milan Komadina testified that he is Mr. Komadina's uncle. Milan allows Mr. Komadina to live in a house owned by Milan rent free. Milan testified that Mr. Komadina left a message on his answering machine regarding money Milan was investing for Mr. Komadina. Mr. Komadina's message included the statement that "if you don't come over right now, *** I'm coming over there." Milan testified that he drove to Mr. Komadina's residence and the two of them argued in the kitchen. Milan told Mr. Komadina that "If you keep doing this, I'm going to kick you out of the house and we're going to fight." Milan further testified that Mr. Komadina "got mad and the next thing I know he reached over and grabbed this club and picked it up over his head[.]" Milan testified that Mr. Komadina held the axe handle in a defensive posture. Milan, afraid that Mr. Komadina would hit him with the axe handle, then left the residence and called the police.
{¶ 10} Officer Wesley Palmer, a patrolman with the City of Lorain, testified that he responded to an assault complaint from Milan. Officer Palmer testified that Milan was visibly shaken. When Officer Palmer spoke with Mr. Komadina, he admitted that there had been a verbal argument with Milan and that there was an axe handle in the kitchen.
{¶ 11} After careful review of the record, we cannot conclude that the trier of fact lost its way and created a manifest miscarriage of justice when it convicted Mr. Komadina of aggravated menacing. Accordingly, we hold that Mr. Komadina's conviction was not against the manifest weight of the evidence.
{¶ 12} Mr. Komadina's fourth assignment of error is overruled.
 First Assignment of Error
{¶ 13} "THE DEFENDANT-APPELLANT, DAVID KOMADINA, DID NOT RECEIVE A FAIR TRIAL FOR REASONS OF INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO COUNSEL. COUNSEL FAILED TO PROPERLY ARRANGE FOR ESSENTIAL WITNESSES, EFFECTIVELY REPRESENT THE DEFENDANT, PRESENT TO THE COURT A MOTION FOR DIRECTED VERDICT AT THE CONCLUSION OF THE DEFENDANT-APPELLANT'S PRESENTATION, PRESENT TO THE COURT HIS PROPER WITHDRAWAL AS COUNSEL, AND/OR ADDRESS THE APPEAL ON BEHALF OF THE DEFENDANT-APPELLANT."
{¶ 14} In his first assignment of error, Mr. Komadina asserts that his trial counsel was ineffective due to the following: 1) trial counsel failed to secure an essential witness; 2) trial counsel failed to effectively represent Mr. Komadina; 3) trial counsel failed to make a motion for a directed verdict at the close of Mr. Komadina's case; 4) trial counsel failed to properly withdraw as counsel; and 5) trial counsel failed to appeal on behalf of Mr. Komadina. We disagree.
{¶ 15} A two-step process is employed in determining whether the right to effective counsel has been violated.
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693.
{¶ 16} In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
{¶ 17} In the present case, Mr. Komadina argues that his trial counsel was ineffective for failing to secure an essential witness. Trial counsel did subpoena Mr. Jim Ferrarini to be a witness, however, Mr. Ferrarini did not appear in court. Trial counsel made a motion for a continuance, but the trial court denied the motion. Mr. Komadina argues that trial counsel erred in not insuring Mr. Ferrarini's appearance and in not proffering Mr. Ferrarini's potential testimony into the record. The calling of witnesses is a trial tactic and, absent a showing of a substantial violation of an essential duty, debatable trial tactics are not sufficient to give rise to a claim of ineffective assistance of counsel. State v. Watkins, 9th Dist. No. 21224, 2003-Ohio-538, at ¶ 28.
{¶ 18} Mr. Komadina next argues that his trial counsel was ineffective due to failure to object to leading questions and damaging evidence. Defense counsel's failure to object to improper leading questions is not enough to sustain a claim of ineffective assistance of counsel. State v. Robinson, 3rd Dist. No. 14-02-01, 2002-Ohio-2714, at ¶ 30. See, also, State v. Jefferson, 2nd Dist. No. 2002 CA 26, 2002-Ohio-6377, at ¶ 9. Mr. Komadina must also show that he was materially prejudiced by such failure. See Strickland, 466 U.S. 687. Mr. Komadina does not point to any leading questions in the record or demonstrate that he was materially prejudiced by such failure.
{¶ 19} Mr. Komadina also argues that trial counsel should have objected to Milan's testimony regarding Mr. Komadina's prior prison term. After reviewing the record, this Court finds that trial counsel did object to testimony regarding Mr. Komadina's prison term. Not only did trial counsel object, but the trial court sustained the objection and instructed the jury not to recall any testimony relating to Mr. Komadina's prison term.
{¶ 20} Mr. Komadina also asserts that trial counsel was ineffective because he failed to make a Crim.R. 29 motion at the close of Mr. Komadina's case. As we discussed under the fourth assignment of error, Mr. Komadina's conviction was not against the manifest weight of the evidence. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Consequently, because there was sufficient evidence to convict Mr. Komadina, Mr. Komadina has not demonstrated prejudice by trial counsel's failing to make a Crim.R. 29 motion at the close of Mr. Komadina's case. See State v. Hodge (Jan. 3, 2001), 9th Dist. No. 3072-M.
{¶ 21} After reviewing the record, Mr. Komadina did not prove that his trial counsel's performance was deficient or that he was prejudiced by trial counsel's performance. Although Mr. Komadina's first assignment of error also states that trial counsel failed to properly withdraw as counsel and failed to appeal on his behalf, Mr. Komadina does not address these arguments in his brief. Consequently, this Court will not consider those arguments. See App.R. 12(A)(2).
{¶ 22} Mr. Komadina's first assignment of error is overruled.
 Second Assignment of Error
{¶ 23} "THE TRIAL COURT ERRED IN FAILING TO ASSIGN COUNSEL TO PERFECT THE APPEAL ON BEHALF OF THE DEFENDANT."
{¶ 24} In his second assignment of error, Mr. Komadina asserts that the trial court erred in failing to assign counsel to perfect Mr. Komadina's appeal.
{¶ 25} An appellate court's review is restricted to the record provided by the appellant to the court. App.R. 9. See, also, App.R. 12(A)(1)(b). In accordance with App.R. 9(B), the appellant assumes the duty to ensure that the portion of the record necessary for review on appeal is filed with the appellate court. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 19. This is the appellant's duty because the appellant has the burden on appeal to establish error in the trial court.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9(B).
{¶ 26} In this case, the record on appeal consists of the docket and journal entries from the trial court and a certified written transcript of the trial. Mr. Komadina also filed a "Notice of Filing Videotape Record" with the trial court. Six video tapes were included with the record on appeal, however, this Court finds that the videotapes are insufficient to satisfy the appellant's burden of establishing error. App.R. 9(A) provides, in pertinent part:
 "A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. *** When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
{¶ 27} Mr. Komadina has not provided this Court with typed or printed portions of the videotapes. Without the portions of the sentencing hearing, "the reviewing court has nothing to pass upon and *** has no choice but to presume the validity of the lower court's proceedings and affirm." Knapp, 61 Ohio St.2d at 199. Mr. Komadina has not provided this Court with the necessary portions of the record for review of his assignment of error; therefore, this Court will presume the regularity of the trial court's proceedings. See State v. Sugalski, 9th Dist. No. 02CA0054-M, 2002-Ohio-6767, at ¶ 15. Accordingly, Mr. Komadina's second assignment of error is overruled.
 Third Assignment of Error
{¶ 28} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING A CONTINUANCE REQUESTED BY COUNSEL FOR THE DEFENDANT-APPELLANT IN THE ABSENCE OF AN IDENTIFIED ESSENTIAL WITNESS, ABUSED ITS DISCRETION IN FORCING THE WITNESS, MILAN KOMADINA, TO TESTIFY, PROMOTED THE CHARGE OF DOMESTIC VIOLENCE THAT `WAS DISMISSED', BUT REINSTATED BY THE COURT, EFFECTUATED AN UNLAWFUL LICENSE SUSPENSION, AND PRESENTED ITS JUDICIAL DEMEANOR IN A MANNER THAT REPRESENTED AN ATTITUDE THAT WAS `UNREASONABLE, ARBITRARY, AND/OR UNCONSCIONABLE'." [sic.]
{¶ 29} In his third assignment of error, Mr. Komadina alleges several errors; however, in his brief, he only presents arguments with regard to the trial court's denial of a continuance. Consequently, we will limit our discussion to the trial court's denial of the continuance. App.R. 12(A)(2).
{¶ 30} "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge." State v.Unger (1981), 67 Ohio St.2d 65, 67. An appellate court must not reverse the denial of a continuance absent an abuse of discretion. Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 31} In evaluating a motion for continuance, a court should consider the following:
 "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Id. at 68.
{¶ 32} When the reason for the continuance is to secure the attendance of witnesses, "it is incumbent upon the moving party to show that such witnesses would have given substantial favorable evidence and that they were available and willing to testify." State v. Meek (Jan. 22, 1997), 9th Dist. No. 96CA006454. A trial court's refusal to grant a continuance after a subpoenaed witness fails to appear does not prejudice the defendant when the defendant fails to reveal the nature of the witness' testimony, fails to show whether it would have been relevant and material to the defense, or fails to give the trial court any assurance that the witness can be located in a reasonable time. State v. Mills, 5th Dist. No. 01-COA-01444, 2002-Ohio-5556, citing State v. Clements (1994),98 Ohio App.3d 797, 800.
{¶ 33} In the present case, Mr. Komadina's last witness, Mr. Ferrarini, was not present at the close of the defense's case. The trial court took a recess from 12:00 to 1:15 for Mr. Komadina's counsel to attempt to contact Mr. Ferrarini. Mr. Ferrarini could not be located and trial counsel moved for a continuance, stating, "he is a critical witness, and that my understanding from speaking to him, he did witness some of the events in dispute here." In response, the trial judge stated "[i]n the interest in furtherance of judicial economy and in all fairness to the jury, I'm going to deny your motion."
{¶ 34} The record reveals that the trial court did allow time for trial counsel to contact Mr. Ferrarini. Although trial counsel stated that Mr. Ferrarini witnessed the argument between Milan and Mr. Komadina, trial counsel did not indicate how the testimony would be favorable to the defense or give the amount of time that would be necessary to locate Mr. Ferrarini.
{¶ 35} After careful examination of the record, we cannot say that the trial court abused its discretion in denying the motion for continuance. Mr. Komadina's third assignment of error is overruled.
 Fifth Assignment of Error
{¶ 36} "THAT THE TRIAL COURT ERRED IN ISSUING AN UNLAWFUL ORDER SUSPENDING THE LICENSE OF DEFENDANT KOMADINA WITHOUT AUTHORIZATION UNDER THE OHIO REVISED CODE. SAID LICENSE SUSPENSION REMAINING IN FULL FORCE AND EFFECT TO THIS DATE."
{¶ 37} In his fifth assignment of error, Mr. Komadina avers that the trial court erred in ordering the suspension of his driver's license. We agree.
{¶ 38} Mr. Komadina failed to appear for his thirty day jail sentence. On August 27, 2001, the trial court issued a capias and sent a "declaration of forfeiture of driver's license" to the Bureau of Motor Vehicles. On October 24, 2001, the Bureau of Motor Vehicles sent Mr. Komadina a notice that his license was suspended upon order of the Lorain County Municipal Court due to failure to comply with a court order. R.C. 4507.16.8 governs the forfeiture of a driver's license for failure to appear or pay a fine and states in pertinent part:
 "If a person who has a current valid Ohio driver's or commercial driver's license is charged with a violation of any provision in sections 4511.01 to 4511.76, section 4511.84, any provision in sections 4513.01 to 4513.65, or any provision in sections 4549.01 to 4549.65 of the Revised Code that is classified as a misdemeanor of the first, second, third, or fourth degree or with a violation of any municipal ordinance that is substantially comparable to any provision of any of these sections and if the person either fails to appear in court at the required time and place to answer the charge or pleads guilty to or is found guilty of the violation and fails within the time allowed by the court to pay the fine imposed by the court, the court shall declare the forfeiture of the person's license."
{¶ 39} In the present case, Mr. Komadina was found guilty of aggravated menacing, in violation of R.C. 2903.21. Mr. Komadina was not found guilty of any of the statutes listed in R.C. 4507.16.8. Therefore, the trial court erred in ordering the forfeiture of Mr. Komadina's driver's license. See, generally, State v. Mays (1995),104 Ohio App.3d 241, 249. Mr. Komadina's fifth assignment of error is sustained.
 Sixth Assignment of Error
{¶ 40} "THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT-APPELLANT'S MOTION FOR A NEW TRIAL."
{¶ 41} In his sixth assignment of error, Mr. Komadina asserts that the trial court erred in failing to grant his motion for a new trial. We disagree.
{¶ 42} A trial court's ruling on a motion for a new trial will not be disturbed absent an abuse of discretion. State v. Haddix (1994),93 Ohio App.3d 470, 480. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons, 66 Ohio St.3d at 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 43} According to Crim.R. 33(A), a defendant may move for a new trial if one of six grounds is present. In his motion for a new trial, Mr. Komadina appeared to argue Crim.R. 33(A)(1) as grounds for a new trial. Under Crim.R. 33(A)(1), a new trial may be granted based on "[i]rregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial."
{¶ 44} Mr. Komadina's argument centered on the testimony of Mr. Ferrarini. Mr. Komadina argued that, if Mr. Ferrarini had been permitted to testify, the outcome of the trial would have been different. In its judgment entry denying the motion for a new trial, the trial court indicated that it had reviewed Mr. Ferrarini's affidavit and found that the determination of the jury would not have changed by providing the testimony of Mr. Ferrarini. In addition, this Court found under the third assignment of error that the trial court did not abuse its discretion by denying the motion for continuance. Mr. Komadina also appeared to assert ineffective assistance of counsel as a basis for his motion for a new trial. This Court found under the first assignment of error that trial counsel was not ineffective; therefore, a claim of ineffective assistance of counsel is not a sufficient ground for a new trial.
{¶ 45} This Court cannot say that the trial court abused its discretion in denying the motion for a new trial. Mr. Komadina's sixth assignment of error is overruled.
 III.
{¶ 46} Mr. Komadina's first, second, third, fourth, and sixth assignments of error are overruled. Mr. Komadina's fifth assignment of error is sustained. The decision of the Lorain County Municipal Court is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
BAIRD, P.J. and WHITMORE, J. CONCUR