{¶ 105} I respectfully dissent.
 {¶ 106} With respect to appellant's first assignment of error, the majority contends that the trial court did not abuse its discretion in denying the renewed motions regarding joinder and that the evidence was not so confusing and complex that the jury lost its way. I disagree.
 {¶ 107} Crim. R. 8(A) provides: "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."
 {¶ 108} However, when, as in the case sub judice, the charges are not "based on the same act or transaction," and are not "connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct," Crim. R. 14 provides relief from prejudicial joinder. *Page 28 
 {¶ 109} Crim. R. 14 states, in pertinent part: "If it appears that a defendant * * * is prejudiced by a joinder of offenses * * * the court shall order an election or separate trial of counts, * * * or provide such other relief as justice requires. * * *"
 {¶ 110} In the instant matter, the trial court improperly denied appellant's motion seeking severance of the January 9 incident from the February 19 incident. There were two distinct, separate events. Clearly, there were two separate transactions, involving no similar conduct or evidence of plan, motive or scheme, no similar witnesses or victims, and involving different evidence. The two incidents were not properly charged in one indictment and should have been severed. See State v.Clements (1994), 98 Ohio App.3d 797, 799. This writer notes that of the twenty-eight witnesses called by the state, only one provided information about both incidents. Due to the trial court's denial of appellant's motion seeking severance, there exists the very real possibility that the jury was unable to segregate the evidence and simply convicted appellant because of the cumulative effect of the evidence. Also, permitting the introduction of appellant's prior conviction for purposes of proving the weapons under disability charge was prejudicial to appellant. I believe the trial court erred by failing to sever such counts for purposes of trial.
 {¶ 111} With respect to appellant's second assignment of error, I believe the trial court erred in instructing the jury on complicity after jury deliberation had begun.
 {¶ 112} When a trial court provides instruction on issues not raised by the evidence, it is prejudicial error requiring reversal. SeeState v. Sargent (1975), 41 Ohio St.2d 85, 92. *Page 29 
 {¶ 113} Here, the issue of complicity was not raised either prior to or during the trial. The state did not present any evidence to support a complicity instruction, nor did it request the jury be instructed on the law of complicity. During deliberations, the jury asked whether appellant could be convicted of aggravated robbery if he never touched a gun. The trial court responded by providing an instruction on complicity, over appellant's objection. Although this writer notes that the instruction was a correct statement of the law, it was prejudicial for the trial court to give the instruction on complicity when no evidence was presented to support it. I believe the trial court erred in instructing the jury on complicity after jury deliberation had begun since the evidence does not support the charge.
 {¶ 114} Accordingly, I would reverse and remand the judgment of the trial court. *Page 1